Debbie and Max WALTERS, Plaintiffs,

v.

The PEOPLE'S REPUBLIC
OF CHINA, Defendant.

No. 18 Misc. 302.

United States District Court,
S.D. New York.

Dec. 2, 2009.

*OPINION & ORDER*

SIDNEY H. STEIN, District Judge.

The Industrial and Commercial Bank of China, Ltd., Bank of China, Ltd., and China Construction Bank Corp. (collectively, "the Banks"), which are not parties to this litigation, seek an order vacating restraining notices and quashing subpoenas issued to them by plaintiffs Debbie and Max Walters.

## I. Background

Mr. and Mrs. Walters originally filed suit in 1993 in the U.S. District Court for the Western District of Missouri under various theories of product liability, negligence, and breach of warranty stemming from the allegedly improper manufacture of an SKS semi-automatic rifle made in China that jammed and killed their thirteen year old son. The Walters named the People's Republic of China ("PRC"), among other defendants, in their amended complaint. The PRC asserted its sovereign immunity in that action, but that court nonetheless issued a default judgment against the PRC for $10 million in October 1996, finding that it had jurisdiction over the PRC pursuant to the "commercial activity" exception to immunity found in the Foreign Sovereign Immunities Act ("FSIA"). (*See Walters v. Century International Arms, Inc.*, No. 93 Civ. 5188 ¶ 5 (W.D.Mo. Oct. 22, 1996), Ex. E to Dec. of Lanier Saperstein dated Nov. 13,

2009 ("Saperstein Dec.").) For the past thirteen years, the Walters have sought—so far without success—to collect against the PRC.[1]

In October of this year, the Walters served restraining notices and subpoenas on the New York branches of the Industrial and Commercial Bank of China, Ltd., Bank of China, Ltd., and China Construction Bank Corp. (*See* Exs. N–P to Saperstein Dec.) The notices and subpoenas seek "[a]ll documents showing all property, including money, in your possession in which the government of The People's Republic of China has any interest" and "forbid[ ] [the Banks] to make or suffer any sale, assignment, transfer or interference with any property (including money) in which the [PRC] has any interest...." (*Id.*)

The Banks subsequently moved to vacate the restraining notices and quash the subpoenas. Specifically, the Banks contend that the Walters seek to restrain funds and subpoena documents related to property that may not be restrained under the FSIA. The Walters respond in their memoranda—and their counsel specifically represented to the Court at oral argument on November 24, 2009—that they seek to restrain only property belonging to the PRC that is held by the Banks outside of the United States. They contend that such property falls outside of the scope of the FSIA and, therefore, can be restrained. Plaintiffs also argue belatedly in a surreply memorandum that the Banks lack standing to assert the affirmative defense of sovereign immunity on the PRC's behalf.

On November 20, 2009, the Court received a copy of a letter from the embassy of the PRC to the U.S. Department of State in which the PRC expresses its on-going belief that, as a sovereign state, it is immune from any attempt to restrain its funds and states its "grave concern" over the Walters' attempt to do so. (Letter from the Embassy of the People's Republic of China to the U.S. Department of State dated Nov. 11, 2009 at 1.)

## II. Legal Standard

■■■ The FSIA, 28 U.S.C. § 1602 et seq., governs all litigation in U.S. Courts against foreign states. Under that statute, the property of a foreign state is immune from attachment and execution except as provided in 28 U.S.C. §§ 1610 and 1611. The FSIA's limited exceptions to sovereign immunity"—whether for foreign states or their instrumentalities—extends at most to property located in the United States." *Elliott Associates, L.P. v. Banco De La Nacion*, No. 96 Civ. 7916, 2000 WL 1449862, at *3 (S.D.N.Y. Sep 29, 2000) (citations omitted); *see also Kensington Intern. Ltd. v. Republic of Congo*, 461 F.3d 238, 243 (2d Cir.2006) ("[T]he district court's authority is still limited. It may order an attachment only of assets that are ... in the United States...."). Thus, "[u]nder the FSIA, assets of foreign states located outside the United States retain their traditional immunity from execution to satisfy judgments entered in United States courts." *Fidelity Partners, Inc. v. Philippine Export & Foreign Loan Guarantee Corp.*, 921 F.Supp. 1113, 1119 (S.D.N.Y.1996); *see also Aurelius Capital Partners, LP v. Republic of Argentina*, 584 F.3d 120, 130 (2d Cir.2009) ("[T]he property that is subject to attachment and execution must be property in the United States of a foreign state ...." (quotation and citation omitted)). Indeed, 28 U.S.C. § 1610, which sets forth limited exceptions

---

**1.** In October 2006, the default judgment against the PRC was extended for an additional ten years. (*See* Ex. M to Saperstein Dec.)

to the immunity of a sovereign from attachment or execution of a judgment, covers only "[t]he property *in the United States* of a foreign state." 28 U.S.C. § 1610(a) (emphasis added); *see also FG Hemisphere Associates, LLC v. Republique du Congo*, 455 F.3d 575, 588 (5th Cir.2006).

### III. Analysis

■ The Court accepts the Walters' specific and clear statement that they "are NOT seeking to restrain or otherwise enforce their judgment against assets of the [PRC] located within the United States ... [but rather] assets of the PRC held by the Banks outside the United States." (Pls.' Mem. in Opposition at 1.) Counsel for the Walters reiterated this limit on the scope of their notices of restraint and subpoenas at oral argument on November 24, 2009. Because assets held outside of the U.S. fall outside of the exception to sovereign immunity provided by the FSIA and the FSIA is the sole basis for obtaining jurisdiction against a foreign sovereign, the Banks' motion to vacate the notices of restraint and to quash the Walters' subpoenas is granted.[2] This conclusion applies both to the notices of restraint and to the subpoenas, as the U.S. Court of Appeals for the Second Circuit directs courts to limit any requests for discovery to correspond to the FSIA's substantive reach. *See EM Ltd. v. Republic of Argentina*, 473 F.3d 463, 486 (2d Cir.2007) ("Because the record makes clear that the ... Funds were never an attachable asset of the Republic [of Argentina] and that § 1610's 'commercial activity' exception to immunity from attachment does not apply, [plaintiff]

was not entitled to any other discovery, as it has failed to show a reasonable basis for assuming jurisdiction over [the Banco Central de la Republica Argentina]." (quotation, citation, and alteration omitted)).

### IV. Conclusion

In order to execute on a default judgment against the PRC, the Walters seek to restrain assets and to subpoena documents concerning assets owned by the PRC and held by the Banks outside of the United States. The FSIA provides no exception to the PRC's sovereign immunity that would justify that procedure. Accordingly, the Banks' motion to vacate the restraining notices and to quash the subpoenas is granted.

SO ORDERED:

---

**2.** The Walters' argument that the Banks lack standing to raise the defense of sovereign immunity pursuant to the FSIA in this action is unavailing, as the PRC itself has asserted the defense of sovereign immunity, both in the original action in the Western District of Missouri and in the action before this Court. (*See* Saperstein Dec. ¶ 5; Ex. C. to Saperstein Dec. ¶ 4; Letter from the Embassy of the People's Republic of China to the U.S. Department of State dated Nov. 11, 2009.)